# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ANGIE ROGERS, | ] |
| Plaintiff, | ] ] ] |
| v. | ]   CASE NO.: CV-05-HS-457-E |
| | ] |
| AFGE, LOCAL 1945, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, | ] ] ] ] |
| Defendant. | ] |

**Memorandum of Opinion**

**I.   INTRODUCTION**

This is a civil action filed on March 2, 2005, by the Plaintiff, Angie Rogers, against the Defendant AFGE, Local 1945, American Federation of Government Employees. *Complaint*, at 1. The Complaint characterizes the action as "an employment discrimination suit authorized and instituted pursuant to Title VII of the Act of Congress known as the 'Civil Rights Act of 1964,' as amended, 42 U.S.C. § 2000e <u>et seq</u>." *Id.* The Complaint alleges three Counts against the Defendant including sex discrimination (Count One), retaliation (Count Two), and hostile work environment (Count Three). *Id.* at 3-4. All Counts are brought pursuant to Title VII. *Id.* Plaintiff sues the Defendant as an "employer", as that term is defined in Title VII.

This case is presently before the Court on the Defendant's Motion to Dismiss

pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  (Doc. 8).  For the reasons stated herein, the motion will be **GRANTED**.

## II.   STANDARD OF REVIEW FOR MOTION TO DISMISS

> We accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* Dismissal pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples,* 256 F.3d at 1283-84 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

*Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

A district court may only exercise jurisdiction over a Defendant in a Title VII case, if the defendant is an employer as defined by 42 U.S.C. 2000e.  *See EEOC v. Arabian Oil Co.*, 499 U.S. 244, 248 (1991) (describing the term "employer" as used in Title VII as "jurisdictional").

> Whether the [Defendant is] an "employer" within the definition of Title VII is a threshold jurisdictional issue. *Virgo v. Riviera Beach Associates, Ltd.,* 30 F.3d 1350, 1359 (11th Cir.1994). Unless the [Defendant is] an employer "who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year," Title VII is inapplicable, and the district court lacks subject matter jurisdiction over [the] claims.

*Scarfo v. Ginsberg,* 175 F.3d 957, 961 (11th Cir. 1999).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--it's very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy

>itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker,* 645 F.2d 404, 412-13 (5th Cir.1981)).

*Scarfo,* 175 F.3d at 960 -961.

### III.   ANALYSIS

Title VII provides:

(b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person.

42 U.S.C.A. § 2000e.  The undisputed Declaration of Everett Kelley provides that the Defendant has had only one employee, a secretary, for the last 15 years. *Declaration of Kelley*, at 1.  The Plaintiff does not contest this assertion, but instead alleges that "the defendant ignores the multitude of cases holding that jurisdiction does in fact exist under 42 U.S.C. § 2000e-2(c)(1) and (3) in this very circumstance if the Union has fifteen or more *members*." *Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "Plaintiff's Brief")*, at 1 (emphasis added).

42 U.S.C. § 2000e-2(c)(1) and (3) provide:

(c) Labor organization practices

It shall be an unlawful employment practice for a labor organization--

3

**(1)** to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

[or]

**(3)** to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C.A. § 2000e-2(c)(1), (3).

The Plaintiff has confused the sections under which a union is sued as an "employer", and those under which it is sued as a "labor union". The above cited sections of Title VII were not meant to create an exception so that labor unions, in the context of employing individuals, could be sued even thought they have less than 15 employees.

The Second Circuit has addressed this very issue in *Yerdon v. Henry*, 91 F.3d 370, 377 (2d Cir. 1996). There, the Court wrote:

> The EEOC, as amicus curiae, takes the view that a labor union is covered by Title VII when acting in its capacity as an employer even if it does not meet the definition of "employer" under Title VII. The EEOC grounds this view in the broad language of § 703(c)(1)'s prohibition against sex discrimination: "[I]t shall be an unlawful employment practice for a labor organization ... to exclude or to expel from its membership, or otherwise discriminate against, any individual because of ... [her] sex." 42 U.S.C. § 2000e-2(c)(1). Such an interpretation, the EEOC argues, is not inconsistent with the congressional policy that animated the statutory exclusion of small employers from the definition of "employer," *i.e.,* allowing small family-run businesses to be operated by friends and relatives of the owners

without the administrative burdens of complying with Title VII. *See* S. 2515, 92d Cong., 2d Sess., 118 Cong. Rec. 2386-90, 2409-10 (1972). The EEOC maintains that because labor organizations are already subject to a wide array of regulatory and reporting requirements, subjecting them to liability under §703(c)(1) would not be inconsistent with the intention of Congress.

* * *

We conclude that, in the present case, the EEOC's interpretation of § 703(c)(1) should be given little weight. At the outset, we find the language of the statute to be unambiguous in the context of the statute in its entirety. Accordingly, deference is not warranted. *Cf. EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 115, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988) ("EEOC's interpretation of ambiguous language need only be reasonable to be entitled to deference."). Moreover, to hold otherwise would contravene the plain language of the statute. *See EEOC v. Arabian Am. Oil, Co.,* 499 U.S. 244, 257-258, 111 S.Ct. 1227, 1235-36, 113 L.Ed.2d 274 (1991) (applying *Gilbert* standard, the Court held that particular EEOC interpretation should not be given deference in part because it contradicted statute's plain language). Because "the meaning of statutory language, plain or not, depends on context," *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991), the interpretation of a statute requires consideration of the language of the relevant provision in conjunction with the entire statute, *see Stafford v. Briggs,* 444 U.S. 527, 535, 100 S.Ct. 774, 780, 63 L.Ed.2d 1 (1980) (citing *Brown v. Duchesne,* 60 U.S. (19 How.) 183, 194, 15 L.Ed. 595 (1856)). Where an examination of the statute as a whole demonstrates that a party's interpretation would lead to "absurd or futile results ... plainly at variance with the policy of the legislation as a whole," that interpretation should be rejected. *Commercial Office Prods.,* 486 U.S. at 120, 108 S.Ct. at 1674 (internal quotations omitted).

We believe Yerdon's interpretation to be inconsistent with the statute as a whole. As the primary liability provision of Title VII, §703 distinguishes among three primary participants in the employment process-- "employers," "employment agencies," and "labor

organizations," in subsections (a), (b), and (c), respectively. That the assignment of liability is a function of the role of the particular participant at issue undermines the strength of Yerdon's interpretation. Furthermore, nothing in the statute's text or legislative history gives any indication that the definition of employer contained in § 701(b) does not apply to a labor organization when it is sued as a result of its conduct as an employer. Indeed, that the definition of "employer" specifically includes labor organizations, 42 U.S.C. § 2000e(b), suggests that labor unions are to be treated no differently than other employers. If § 703(c)(1) were read to extend to a labor organization's activities as an employer, the result would be incongruous with congressional intent: an employer with fewer than fifteen employees that, fortuitously, is also a labor union, would be liable notwithstanding that it is excluded from the statutory definition of "employer." This result cannot be squared with the structure of § 703 as a whole, and we find that § 703(c)'s mandate that a labor organization may not "otherwise discriminate" applies only to a labor union in its role as a labor union and not as an employer.

We join the company of our sister circuits who have addressed this issue in comparable contexts. In an analogous case in the Ninth Circuit, an employee brought suit against her former union employer for age discrimination under the Age Discrimination in Employment Act ("ADEA"). *Herman v. United Bhd. of Carpenters,* 60 F.3d 1375 (9th Cir.1995). The employee and the EEOC argued that the union was liable under § 4(c)(1) of the ADEA, which makes it unlawful for a union "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age." 29 U.S.C. § 623(c)(1). The Ninth Circuit held that, despite the EEOC's view, "when a union is being sued, in its capacity as an employer, it must meet the statutory definition of 'employer' rather than some other statutory provision." *Herman,* 60 F.3d at 1384-85; *see also Childs v. Local 18, Int'l Bhd. of Elec. Workers,* 719 F.2d 1379, 1382-83 (9th Cir.1983) (assuming that labor organization must meet statutory definition of employer to be held liable for discrimination against employee under Title VII).

Similarly, in *Greenlees v. Eidenmuller Enters., Inc.,* 32 F.3d 197 (5th Cir.1994), a former employee of an employment agency brought a suit

against the agency under § 703(b), 42 U.S.C. § 2000e-2(b), claiming that it was an "employment agency." The Fifth Circuit rejected the EEOC's position on the grounds that the language of the statute was unambiguous, obviating the necessity for deference to the EEOC's interpretation, and that, in any event, the EEOC is due less deference than other agencies. *Id.* at 200; *see also Chavero v. Local 241,* 787 F.2d 1154, 1155 n. 1 (7th Cir.1986) (per curiam) (where "plaintiff attempts to hold the union liable in its employer capacity, it must fall under that definition ... just as any other employer").

Because we agree that a labor organization with fewer than fifteen employees cannot be sued as an employer for discrimination under Title VII of the 1964 Civil Rights Act, we affirm the grant of summary judgment in favor of the defendants on Yerdon's claim under § 703(c)(1).

*Yerdon v. Henry*, 91 F.3d 370, 375-377 (2d Cir. 1996).

In the absence of Eleventh Circuit precedent on point, the Court finds the reasoning of the *Yerdon* opinion persuasive, and follows its holding. The Defendant in this case does not fall within the definition of an "employer" under Title VII.

## IV.  CONCLUSION

For the above stated reasons the Motion to Dismiss will be **GRANTED**.

**DONE** this 17th day of May, 2005.

_____
 **VIRGINIA EMERSON HOPKINS**
 United States District Judge